UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

MORRIS TYSON,

    Plaintiff,

v.

KENCO LOGISTIC SERVICES, LLC,
et al.,

    Defendants.

Case No. 15-2288

## ORDER

This case is before the Court on Plaintiff Morris Tyson's ("Plaintiff") Motion to Reconsider and Compel Discovery from Defendant Kenco (#85). Defendant Kenco Logistic Services, LLC, ("Defendant") filed a Response in Opposition to Plaintiff's Motion to Reconsider and Compel Discovery from Defendant Kenco (#86). For the reasons explained below, Plaintiff's Motion to Reconsider and Compel Discovery from Defendant Kenco (#85) is DENIED.

### I. Background

On September 28, 2016, counsel for Defendant requested a status hearing with Plaintiff and the Court to discuss the deficiencies in Plaintiff's discovery responses. The Court, pursuant to its September 28, 2016 Text Order, set a hearing to discuss the status of discovery for October 5, 2016. The Court specifically informed Plaintiff that he should be prepared to discuss his responses to Defendant Kenco's discovery requests in an attempt to resolve the discovery dispute between the parties. *See* September 28, 2016 Text Order. During the October 5, 2016 Status Conference, Defendant indicated that, while Plaintiff had produced a voluminous amount of documents, Plaintiff had failed to respond in writing to nearly all of Defendant's requests for production of documents. Defendant also indicated that there were items that were missing from Plaintiff's

production (based on what Defendant was able to ascertain due to the lack of written responses). Plaintiff indicated to the Court that he would confer with Defendant's counsel and attempt to resolve the discovery dispute.

Despite Plaintiff's representation to the Court that he would attempt to resolve Defendant's discovery concerns, six days later on October 11, 2016, Plaintiff filed a Response to Defendant Kenco's Objections to Plaintiff's Discovery (#66), claiming that Defendant was putting an "undue burden" on him to do Defendant's work for them. This document was stricken by the Court due to the fact that Kenco had not yet filed a Motion to Compel discovery and therefore Plaintiff's "Response" was not responsive to any pending Motion. *See* October 11, 2016 Text Order. The Court, however, noted that it was clear from Plaintiff's response that the parties had been unable to resolve their discovery disputes and that another informal telephone conference would be unlikely to resolve the parties' issues. The Court directed Defendant to file a written Motion to Compel if it wished to do so and informed Plaintiff that he would be permitted to file a response if Defendant chose to file such a motion.

Over a month later, on November 21, 2016, Defendant filed a Motion to Compel (#70), alleging that Plaintiff had failed to respond entirely to three (3) document production requests and that Plaintiff had failed to respond in writing to nearly all of the requests for production. Plaintiff's Response to Defendant's Motion was due on December 8, 2016. On December 12, 2016, four days after his response deadline, Plaintiff filed a Motion for Extension of Time to file a Response to Defendant's Motion to Compel (#72), which was granted by the Court. On December 20, 2016, Plaintiff filed his Response to Defendant's Motion to Compel (#74).

On December 23, 2016, the Court entered an Order (#75) granting Defendant's Motion to Compel. The Court's December 23, 2016 Order (#75) expressly gave Plaintiff until January 13, 2017, "to produce written responses identifying, with specificity, which documents are responsive to each specific document production request propounded by Defendant." Plaintiff was also given until January 13, 2017 "to produce documents responsive to Defendant's document production requests number 32, 33,

and 37." Court's Order on Defendant's Motion to Compel, d/e #75. On January 6, 2017, Plaintiff filed a document titled Response and Objection to Defendant's Alleged Discovery Disputes (#78), despite the Court having already ruled on Defendant's Motion to Compel.

On January 25, 2017, Defendant filed a Motion for Order to Show Cause (#83) stating that, despite the Court's Order, Plaintiff had still not complied with discovery as outlined in the Court's December 23, 2016 Order (#75). On January 27, 2017, the Court entered an Order (#84) granting Defendant's Motion for Order to Show Cause. The Court's Order (#84), explicitly directed Plaintiff to "file with the Court a report on his compliance with this Court's prior Order (#75) to explain his failure to comply in a timely manner." Court's Order on Defendant's Motion for Order to Show Cause, d/e #84. Plaintiff's report on compliance was to be filed by February 6, 2017.

Despite the Court's specific instructions on how Plaintiff should respond to the Court's Order to Show Cause (#84), on February 6, 2017, Plaintiff instead filed the instant Motion to Reconsider and Compel Discovery from Defendant Kenco (#85), to which Defendant Kenco filed a Response on February 10, 2017 (#86).

II.   Analysis

   a. Plaintiff's Motion to Reconsider

It is unclear from Plaintiff's 14 page Motion whether Plaintiff is asking the Court to reconsider the entry of the January 27, 2017 Order to Show Cause (#84) or the Court's September 14, 2016 Order (#57), granting Defendant's Motion for a Protective Order and striking several of Plaintiff's discovery requests. Accordingly, due to the substance of Plaintiff's Motion to Reconsider, the Court will construe Plaintiff's Motion as asking the Court to reconsider both the Order to Show Cause (#84) and the Order granting Defendant's Motion for Protective Order (#57).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "A motion for reconsideration would be appropriate where, for example, the Court has patently

3

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* Such problems rarely arise and the motion to reconsider should be equally rare. *Id.*

Plaintiff does not argue that there was any manifest error of law or fact in the Order to Show Cause (#84). Likewise, Plaintiff does not present any newly discovered evidence that has arisen between January 27, 2017 and the filing of the present Motion that would have changed the Court's January 27, 2017 analysis. To the contrary, as discussed in greater detail below, Plaintiff's Motion does not address any of the issues raised in the Court's Order to Show Cause. Accordingly, to the extent that Plaintiff's Motion to Reconsider relates to the Court's Order to Show Cause (#84), Plaintiff's Motion does not meet the standard for reconsideration and is therefore denied.

To the extent Plaintiff asks for the Court to reconsider its Order granting Defendant's Motion for Protective Order (#57), that request is likewise denied. Plaintiff does not present any newly discovered evidence that changes the analysis contained in the Court's September 14, 2016 Order (#57). Rather, Plaintiff uses multiple pages to again argue why he believes all his original 248 document production requests were properly submitted and should be answered. Plaintiff does not show that the Court patently misunderstood his argument in its original Order. Plaintiff has not shown a controlling or significant change in the law or facts since the submission of the original issue.

These problems "rarely arise" and Plaintiff has not presented facts to the Court that show these problems exist in this case. Plaintiff simply wishes to reargue why his original discovery should have been answered, which is not the purpose of a motion to reconsider. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Accordingly, to the extent Plaintiff asks the Court to reconsider its

4

September 14, 2016 Order granting Defendant's Motion for Protective Order (#57), that request is also denied.

### b. Plaintiff's Motion to Compel

Plaintiff asks the Court for an Order "compelling Defendant to respond to outstanding discovery and to produce items they are intentionally withholding from Plaintiff." At the outset the Court notes that Plaintiff does not identify which specific discovery requests that he seeks to compel Defendant to answer. Rather, Plaintiff makes blanket assertions that Defendant should comply with discovery, as well as vague references to documents that Defendant has allegedly failed to produce.

Additionally, Defendant's Response indicates that Plaintiff has failed to meet and confer as required by Rule 37 prior to the filing of the Motion to Compel. Pursuant to Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). A good faith effort to resolve a discovery dispute "requires that counsel converse, confer, compare views, consult and deliberate." *Design Basics, Inc. v. Granite Ridge Builders, Inc.*, 2007 U.S. Dist. LEXIS 45798, *4 (N.D. Ind. 2007). *See also Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000) (stating that a single letter between counsel addressing a discovery dispute does not satisfy the duty to confer). "The requirement to meet-and-confer must be taken seriously, as before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Design Basics, Inc.*, 2007 U.S. Dist. LEXIS at *4.

Plaintiff has provided no certification, as required by Rule 37, that he made a good faith effort to resolve the alleged discovery disputes between Plaintiff and Defendant. This is particularly troubling considering that Defendant has asked the Court to conduct numerous informal discovery conferences, in which Plaintiff participated, before filing its Motion to Compel. Additionally, Defendant has produced

evidence to directly refute Plaintiff's claim that it failed to cooperate when a compact disc did not open properly, by showing an e-mail that demonstrates Defendant sent the relevant documents to Plaintiff as PDF attachments to replace the allegedly defective compact disc. *See* d/e #86-2. Moreover, as noted above, Plaintiff has not provided the Court with a specific list outlining the discovery request(s) with which Defendant has allegedly failed to comply. Therefore, even if Plaintiff had complied with Rule 37 and Defendant had not shown evidence refuting Plaintiff's claims, the Court would still be unable to issue an Order as the Court is unclear as to what Plaintiff seeks to compel. For all these reasons, Plaintiff's Motion to Compel is denied.

### c. Plaintiff's Response to the Court's Order to Show Cause (#84)

Finally, although not titled as such, due to Plaintiff's *pro se* status, the Court will construe Plaintiff's Motion to Reconsider and Compel Discovery from Defendant Kenco (#85), along with the voluminous amount of discovery documents Plaintiff filed with the Court, as an attempt to respond to the Court's Order to Show Cause. Plaintiff's Motion, however, makes no mention what-so-ever of the issues that were to be addressed in his response to the Court's Order to Show Cause. Plaintiff makes no attempt to show that he has complied with the specific discovery requests with which he was ordered to comply in the Court's December 23, 2016 Order granting Defendant's Motion to Compel (#75). Rather, over the span of 14 pages, Plaintiff argues why he should be allowed to request documents from Defendant, and that Defendant has failed to respond to his discovery. As noted above, Plaintiff also filed with the Court a voluminous number of documents produced during discovery that were subject to a protective order and thus had to be sealed. This is not what the Court ordered Plaintiff to do, and therefore Plaintiff has not sufficiently discharged the Court's Order to Show Cause.

In the Court's December 23, 2016 Order (#75), the Court expressly ordered Plaintiff to produce written responses identifying which documents were responsive to each specific document production request propounded by Defendant. The Court additionally ordered Plaintiff to respond to Defendant's document production requests

number 32, 33, and 37. *See* d/e #75. When Plaintiff failed to do so, the Court ordered him to "**file a report on his compliance with this Court's prior order (#75) and explain his failure to comply in a timely manner.**" d/e 84 (emphasis added). In other words, Plaintiff was supposed to file with the Court a report showing specifically the steps Plaintiff had taken to provide written responses to Defendant's document production requests, as well as the steps Plaintiff had taken to respond to Defendant's Document Production Requests number 32, 33, and 37. Plaintiff instead chose to argue why Defendant had failed to comply with discovery and why the Court should allow him to reissue discovery to Defendants. Additionally, Plaintiff violated both Local Rule 26.3 and the parties' protective order by filing discovery documents with the Court.

Due to Plaintiff's *pro se* status, Plaintiff will be permitted one more attempt to comply with the Court's Order to Show Cause (#84). In filing his response, Plaintiff is specifically directed to do the following:

> First: Plaintiff shall explain to the Court, in writing, his efforts to provide Defendant with written responses to Defendant's document production requests. Plaintiff shall inform the court as to what steps he took to help Defendant identify which specific documents he produced correspond to each of Defendant's document production requests;
>
> Second: Plaintiff shall explain to the Court, in writing, how he has complied with sending Defendant the tax returns that were requested by Defendant's Document Production Request No. 32;
>
> Third: Plaintiff shall explain to the Court, in writing, how he has complied with sending Defendant the documents related to his efforts to obtain employment as requested by Defendant's Document Production Request No. 33; and
>
> Fourth: Plaintiff shall explain to the Court, in writing, how he has complied with sending Defendant the communications with other Kenco employees as requested by Defendant's Document Production Request No. 37.

As part of this filing, there also are a number of things Plaintiff should **not** do or include. Plaintiff's response to the Court's Order to Show Cause shall not make any

argument as to why he should not have to produce these documents, as the Court has already ordered Plaintiff to produce them twice. *See* d/e #75; d/e #84. Additionally, Plaintiff's response should not argue why Defendant should have to produce certain documents or ask the Court to reconsider any prior rulings regarding Defendant's discovery. Plaintiff should not file voluminous amounts of discovery containing confidential information subject to a protective order, ask for leave to file an amended complaint, or in any way argue about his perception of Defendant's business practices.

To be clear, Plaintiff's response should be nothing more than a document prepared by Plaintiff that addresses specifically the information above identified by the Court as "First, Second, Third, and Fourth." Any response by Plaintiff that does not specifically address the four issues outlined above or that attempts to interject arguments about discovery or other aspects of this case will be considered nonresponsive to the Court's Order to Show Cause. Plaintiff is given seven (7) days to comply with this Order and provide the Court with a report that addresses his compliance with the four issues outlined above and **only the four issues outlined above**. Plaintiff's compliance report is therefore due to be filed no later than 5:00 p.m. on February 23, 2017.

ENTERED this 16th day of February, 2017.

s/ERIC I. LONG<br>
UNITED STATES MAGISTRATE JUDGE