UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| MORRIS TYSON,<br><br>    Plaintiff,<br><br>v.<br><br>KENCO LOGISTIC SERVICES, LLC,<br>et al.,<br><br>    Defendants. | Case No. 15-2288 |

ORDER

This case is before the Court on Plaintiff Morris Tyson's ("Plaintiff") Motion to Compel Discovery from Defendant Kenco (#95) as well as Plaintiff's Motion to Compel Court's Order to Produce Discovery from Defendant Kenco (#97). Defendant Kenco Logistic Services, LLC, ("Defendant") responded to both motions. For the reasons explained below, Plaintiff's Motion to Compel Discovery (#95) and Plaintiff's Motion to Compel Court's Order to Produce Discovery from Defendant Kenco (#97) are DENIED.

**I.**  **Background[1]**

On November 21, 2016, Defendant filed a Motion to Compel (#70), alleging that Plaintiff had failed to respond entirely to three (3) document production requests and that Plaintiff had failed to respond in writing to nearly all of the requests for production. On December 23, 2016, the Court entered an Order (#75) granting Defendant's Motion to Compel. The Court's December 23, 2016 Order (#75) expressly gave Plaintiff until January 13, 2017, "to produce written responses identifying, with specificity, which documents are responsive to each specific document production request propounded by Defendant." Plaintiff also was given until January 13, 2017 "to produce documents responsive to Defendant's document production requests number

---

[1] Discovery in this case has not gone smoothly. To put Plaintiff's motions in context, some background is necessary.

32, 33, and 37." Court's Order on Defendant's Motion to Compel, d/e #75. On January 6, 2017, Plaintiff filed a document titled Response and Objection to Defendant's Alleged Discovery Disputes (#78), despite the Court having already ruled on Defendant's Motion to Compel.

On January 25, 2017, Defendant filed a Motion for Order to Show Cause (#83) stating that, despite the Court's Order, Plaintiff had still not complied with discovery as outlined in the Court's December 23, 2016 Order (#75). On January 27, 2017, the Court entered an Order (#84) granting Defendant's Motion for Order to Show Cause. The Court's Order (#84) explicitly directed Plaintiff to "file with the Court a report on his compliance with this Court's prior Order (#75) to explain his failure to comply in a timely manner." Court's Order on Defendant's Motion for Order to Show Cause, d/e #84. Plaintiff's report on compliance was due February 6, 2017.

Apparently disregarding the Court's specific instructions explaining the manner by which Plaintiff should respond to the Court's Order to Show Cause (#84), on February 6, 2017, Plaintiff filed a Motion to Reconsider and Compel Discovery from Defendant Kenco (#85). On February 16, 2017, the Court denied Plaintiff's Motion to Compel, reasoning that Plaintiff had failed to identify specific deficiencies in Defendant's discovery responses and had failed meet and confer with Defendant pursuant to Rule 37 before filing the motion. The Court also denied Plaintiff's motion to reconsider the earlier Protective Order.

Seven days after the Court's Order (#87), Plaintiff filed yet another Motion to Compel (#90), arguing the same things that had been previously rejected. On March 17, 2017, the Court denied Plaintiff's Motion to Compel (#92). The Court once again reminded Plaintiff that the Court previously struck several of his discovery requests (#57), that Defendant was not required to answer the stricken requests, and that nothing had changed since that ruling to justify reconsideration. The Court also directed Plaintiff to its previous Order (#87) ruling on Plaintiff's first Motion to Compel.

On April 5, 2017, Plaintiff filed what the Court construed as a Motion for Leave to File a Motion to Compel (#94) which was granted by Text Order dated April 6, 2017.

2

To facilitate the resolution of Plaintiff's Motion, the Court ordered Defendant to produce its responses to all of Plaintiff's discovery requests, including a production log of all the documents Defendant has produced in response to Plaintiff's document production requests. Defendant complied with the Court's request, and on April 18, 2017 it filed a Response in Opposition to Plaintiff's Motion to Compel (#96). Defendant's Response contained all of Plaintiff's discovery requests, Defendant's responses, and a production log of all documents, identified by Bates Range, that Defendant produced in response to Plaintiff's requests.

On May 9, 2017, while his Motion to Compel (#95) was pending, Plaintiff filed another Motion to Compel (#97), arguing that Defendant had not adequately answered his discovery. Plaintiff's May 9, 2017 Motion to Compel also suggests that he is moving for "another court order compelling Defendant Kenco to comply with the court's order to compel Defendant to produce outstanding written discovery."

To the extent that Plaintiff construed the Court's April 6, 2017 Text Order as an Order compelling Defendant to do anything, Plaintiff is mistaken. Contrary to the assertions in Plaintiff's latest Motion to Compel (#97), the Court has never ordered Defendant to produce any discovery; the Court requested that Defendant Kenco, in response to Plaintiff's Motion to Compel (#95), show the Court what Defendant Kenco had **already** produced in response to Plaintiff's written discovery. The Court's April 6, 2017 Text Order construed Docket Entry #94 as a Motion for Leave to File a Motion to Compel. The Motion for Leave to File was allowed. This means that the Court granted Plaintiff **leave** to file a Motion to Compel; the Court did not grant Plaintiff's Motion to Compel.

II.   Analysis

Plaintiff's Motions to Compel (#95; #97) are similar in nature to Plaintiff's previous Motions to Compel (#85; #90). Plaintiff's Motions again fail to point out any deficiencies in Defendant's discovery responses. Rather, Plaintiff's Motions, for the third and fourth time, argue that Defendant is lying to the Court about producing

3

documents.[2] Plaintiff then asks the Court to compel Defendant to produce various documents, categorized in broad fashion, including "documents related to Plaintiff" and "all documents related to this formal proceeding."

In an effort to bring this to finality, the Court will address each of Defendant's responses to Plaintiff's discovery individually.

**A. Defendant's Responses to Plaintiff's Interrogatories**

On September 12, 2016, Defendant Kenco responded to Plaintiff's First Set of Interrogatories. See d/e #96-1. Addressing each interrogatory individually:

Interrogatory Number 1 asks Defendant to identify every single civil, criminal, and administrative procedure that has ever involved **Plaintiff**. Defendant listed Plaintiff's cases that involve Defendant. Since a party is only obligated to disclose information in its custody and control, this is sufficient.

Interrogatory Number 2 asks for various policies that governed Plaintiff's employment. Defendant answered each of Plaintiff's subparts to this interrogatory.

Interrogatory Number 3 asks numerous questions about Plaintiff's requests to return to work. Again, Defendant responded to each of Plaintiff's subparts in great detail.

Interrogatory Number 4 is argumentative and asks Defendant to "state why it administered its policies inequitably." Despite the argumentative nature of the question, Defendant informed Plaintiff that it does not believe that it applied its policies inequitably.

Interrogatory Number 5 asks Defendant to provide information concerning Mark Baker, the other individual that Plaintiff identified in his Complaint as being similarly situated to himself. Defendant provided the reason that Mark Baker was given the opportunity to perform the job duties about which Plaintiff inquires.

Interrogatory Number 6 is argumentative, asking Defendant to state the reasons that it "willfully submitted fraudulent information." Defendant,

---

[2] Plaintiff has asserted this claim in multiple filings to the Court. As a result, the Court took the unusual step of requiring Defendant to produce all its discovery responses so that the Court could have an accurate picture of Defendant's responses and finally resolve Plaintiff's claims.

4

in response to the interrogatory, informed Plaintiff that it believes it acted lawfully at all times with respect to Plaintiff.

Interrogatory Number 7 relates to Plaintiff's Document Production Request. Defendant's response indicates that it will provide documents, subject to the Court's resolution of Defendant's Motion for Protective Order. The Court resolved Defendant's Motion on September 14, 2016 (#57), striking several of Plaintiff's document production requests. Defendant subsequently provided adequate responses to Plaintiff's document production requests, as discussed in greater detail below.

Interrogatory Number 8 asks Defendant to explain certain things from its position statements to IDHR and the EEOC. Defendant provided Plaintiff with an answer to his question.

Interrogatory Number 9 asks Defendant to list all the benefits to which Plaintiff would have been entitled in his position. Defendant answered Plaintiff's interrogatory.

Interrogatory Number 10 is another argumentative question. It asks why Defendant "equated Plaintiff's employment abeyance to a mere inconvenience." Defendant responded that it did not refer to his medical leave as an inconvenience and that Defendant applied company policies fairly.

Defendant fully and adequately answered all of Plaintiff's First Set of Interrogatories.

Defendant answered Plaintiff's Second Set of Interrogatories, see d/e #96-1, p. 67, on January 13, 2017, giving the following answers:

Supplemental Interrogatory Number 1 asked whether Defendant's employment policies required a signed acknowledgment from the employees. Defendant answered Plaintiff's question.

Supplemental Interrogatory Number 2 asked Defendant how often warehouse associate positions became available. Defendant provided a detailed response outlining the warehouse associate position hiring process.

Supplemental Interrogatory Number 3 asked for the standard work associated with the window clerk position. Defendant gave an exact description of the window clerk position.

5

> Supplemental Interrogatory Number 4 asked how the "spotter" performed the window clerk and spotter job simultaneously. Defendant again provided the information that Plaintiff requested.

Having now reviewed all Defendant's responses in full, the Court hereby finds that Defendant has fully discharged its obligations to provide answers to Plaintiff's Interrogatories. Plaintiff's Motion to Compel answers to interrogatories is DENIED. Any additional motions to compel answers to these interrogatories will be denied without comment.

### B. Defendant's Responses to Plaintiff's Document Production Requests

Plaintiff also moves to compel responses to document requests. Plaintiff originally propounded 248 document production requests. *See* d/e #57. The Court's Protective Order (#57) struck 128 of these. The Court, in a March 7, 2017 Order (#92), declined to reconsider its September 14, 2016 Protective Order. To the extent that Plaintiff's current motion argues for responses to the 128 stricken document production requests, that request is again denied. As a reminder, the following document production requests were, and remain, stricken:

> 4, 5, 6, 8, 10, 11, 21, 43, 44, 45, 46, 47, 48, 49, 54, 55, 56, 57, 58, 59, 60, 61, 76, 78, 79, 84, 85, 86, 87, 88, 89, 90, 91, 93, 94, 100, 101, 102, 103, 108, 109, 115, 116, 117, 118, 119, 120, 121, 122, 125, 126, 127, 128, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 148, 150, 151, 153, 154, 155, 156, 160, 161, 162, 165, 166, 167, 168, 169, 170, 172, 173, 175, 176, 177, 178, 179, 181, 184, 191, 192, 193, 194, 195, 196, 197, 202, 203, 204, 205, 206, 207, 208, 209, 211, 213, 214, 215, 216, 218, 219, 221, 222, 226, 232, 233, 236, 237, 238, 242, 243, 244, and 245.

This leaves 120 document production requests, which, along with Defendant's responses, are summarized below:

> Request Number 1 asks for records concerning Plaintiff's job performance. Defendant produced Plaintiff's personnel file (Bates Labeled KENCO 000001 – KENCO 000041).

> Defendant stated that it possesses no documents responsive to Request Number 2.

6

Request Number 3 asks for documents related to Plaintiff's job performance. Defendant produced Plaintiff's personnel file, Plaintiff's Medical file (Bates Labeled KENCO 000042 – KENCO 000119), and Kenco's policies, which included the Leave of Absence Policy and Drive DOT Physical Examination Policy (Bates Labeled KENCO 001657 – KENCO 001694).

Request Number 7 asks for all documents relating to any action by Defendant deemed necessary to facilitate the decision to not return Plaintiff to work. Defendant produced Plaintiff's medical file and his DOT file.

Request Number 9 asks for documents relating to Defendant's decision to not return Plaintiff to work, including documents that relate to Plaintiff's lack of qualification for other positions. Defendant produced Plaintiff's medical file and DOT file, along with Kenco's policies relating to the subject.

Request Number 12 asks for documents that support the defense that Defendants did not deny Plaintiff the opportunity to return to work. Defendant produced Plaintiff's medical file, which included communications about alternative positions Defendant offered Plaintiff.

Requests Number 13, 14, 15, and 16 ask for documents that support the allegations surrounding other similarly situated employees and how they were treated compared to Plaintiff. Defendant produced documents related to Mark Baker's injury (Bates Labeled KENCO 1774 – KENCO 1780), Plaintiff's medical file, and Plaintiff's hours worked following his return to work (Bates Labeled KENCO 001646 – KENCO 001656).

Requests Number 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 37, 38, 39, 40, 41 and 50 ask for documents related to Defendant's defenses. First, Plaintiff requests documents that support the Defendant's claim that Plaintiff was not subjected to racial discrimination through unequal terms or omission from the work schedule. These requests also ask for documents that show Defendant did not retaliate against Plaintiff or deny him a promotion. Finally, these requests ask for documents relating to the defense that Plaintiff was not denied the opportunity to work. In response, Defendant produced Plaintiff's personnel file, Kenco's Anti-Harassment Policy, other Kenco policies, and the hours Plaintiff worked following his return.

Request Number 31 asks for all documents relating to Plaintiff's allegations about disparate treatment. Defendant stated that no responsive documents are in its possession or control.

Requests Number 36 and 42 ask for documents relating to Plaintiff's claim that he was subjected to frequent drug testing. Defendant produced Plaintiff's personnel and medical files.

Request Number 51 asks for all documents that relate to the defense that Defendant followed company policy. Defendant responded that all documents produced would be responsive. (This is logical considering that Defendant denies all of Plaintiff's allegations in this action.)

Requests Number 52 and 53 ask for documents provided to experts. Defendant has responded that none exist.

Requests Number 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, and 72 ask for all documents relating to whether Defendant's actions were a pretext to conceal discrimination. Defendant produced Plaintiff's medical and file and personnel files. Defendant also answered that actions taken against Plaintiff were due to medical reasons.

Requests Number 73, 74, 75, and 77 ask for documents relating to whether Defendant engaged in willful discrimination and whether Plaintiff is entitled to damages. Defendant replied that all documents produced relate to its defense that it did not engage in any willful discrimination and that Plaintiff is not entitled to damages. (Again, this answer is logical considering that Defendant denies all Plaintiff's claims.)

Requests Number 80, 81, 82, and 83 ask for documents relating to whether Defendant discriminated against Plaintiff or violated the Americans with Disability Act. Defendant denies any discrimination and has responded that all documents relate to this defense.

Requests Number 95 and 96 ask for all documents to support the assertion that granting Plaintiff unpaid leave was the only option available and the assertion that no modified work was available to Plaintiff. Defendant indicated that all documents produced support this decision, but directed Plaintiff particularly to his medical records.

Requests Number 97 and 98 ask for documents that deal with modified work. Defendant produced the documents related to Mark Baker, as well as Plaintiff's medical records.

Request Number 99 asks for documents that relate to the assertion that Defendant was compliant with the Americans with Disability Act. Defendant asserted that all produced documents support this position.

Requests Number 104, 105, 106, and 107 again ask for documents that show that Plaintiff is not entitled to damages. Defendant asserts that all documents support this position and that Plaintiff is not entitled to damages in any capacity.

Requests Number 110 and 111 ask for documents that were reviewed or identified in Defendant's responses to Plaintiff's Interrogatories. Defendant indicates that all documents have been produced.

Request Number 112 asks for all documents that support Defendant's defense. Not surprisingly, Defendant answered that all documents produced were responsive.

Requests Number 113, 114, and 123 ask for company policies. Defendant identified and produced all relevant company policies (Bates Labeled KENCO 001657- KENCO 001690).

Request Number 124 asks for "doctor's notes and the like submitted on Plaintiff's behalf." Defendant produced Plaintiff's medical file.

Requests Number 146 and 147 ask for hiring policies. Defendant produced the policies (Bates Labeled KENCO 1782 – KENCO 1792).

Request Number 149 again asks for documents related to Mark Baker. Defendant produced them (Bates Labeled KENCO 1774 – KENCO 1780).

Request Number 152 asks for Kenco's policy related to compensation and job change. Defendant directed Plaintiff to other policies already produced, along with the Compensation or Job Change Procedure (Bates Labeled KENCO 001657 – KENCO 001690).

Requests Number 158, 159, 163, 164, and 171 again ask for various Kenco policies. Defendant responded by identifying those policies produced in response to other requests and producing the policies that had not already been produced.

Request Number 180 asks for "copies of the employee New Hire book." Defendant answered that it does not have a new hire book.

Request Number 189 asks for all documents that will be entered into evidence at trial. Defendant indicates that all documents may be entered into evidence and that Defendant will supplement the response when (and if) the Court orders specific information about exhibits to be produced.

Request Number 190 asks for all documents "related to Plaintiff's infractions." Defendant produced Plaintiff's personnel file.

Requests Number 198 and 199 ask for documents from third parties. Defendant indicates that all responsive, non-privileged documents in its custody or control have been produced.

Request Number 200 asks for copies of documents Defendant submitted to government agencies. Defendant produced documents that were received in response to a FOIA request from the EEOC and IDHR (Bates Labeled KENCO 00178 – KENCO 1683).

Request Number 201 asks for documents that "contain admissions or aversions against the interest by Plaintiff." Defendant responded that it has none.

Request Number 210 asks for information forwarded to regulatory agencies. Defendant directed Plaintiff to the EEOC and IDHR documents produced in response to Plaintiff's other requests.

Request Number 212 asks for payroll records. Defendant produced the records (Bates Labeled KENCO 1695 – KENCO 1753).

Requests Number 217 and 220 again ask for documents related to Mark Baker. Like before, Defendant produced Baker's personnel file (Bates Labeled KENCO 1754 – KENCO 1773).

Request Number 224 asks for more policies. Defendant either produced the policy or directed Plaintiff to relevant policies that were produced in response to other requests.

Request Number 225 asks for documents used in the decision making process of returning an employee to work. Defendant directed Plaintiff to the Leave of Absence Policy, Plaintiff's medical file, and Mark Baker's medical file.

Requests Number 227, 228, 229, 230, and 231 ask for more policies (all of which are clearly repetitive and encompassed in Plaintiff's numerous other requests). Defendant directed Plaintiff to the numerous policies that had already been produced.

Request Number 234 asks for Defendant's insurance policy. Defendant produced its Declaration Page (Bates Labeled KENCO 1781).

Request Number 239 asks for all documentation that Plaintiff was not permanently disabled. Defendant produced Plaintiff's medical file.

Request Number 240 asks for documents that support "that Defendant did not obstruct the administration of justice." Defendant directed Plaintiff to the IDHR and EEOC documents.

Request Number 241 asks for more repetitive policies and Defendant properly directed Plaintiff to the numerous policies already produced.

Request Number 246 asks for "all documents that support that Defendant did not violate the protected rights" of Plaintiff. Defendant directed Plaintiff to all produced documents.

Request Number 248 asks for all documents that were not already produced, but were identified in Defendant's Rule 26 disclosures. Defendant indicated that all documents had been produced.

Defendant refused to answer only 13 of Plaintiff's 120 unstricken document production requests: Requests Number 92, 129, 157, 174, 182, 183, 185, 186, 187, 188, 223, 235, and 247. Defendant objected to each of these requests and, unlike Defendant's other answers, did not provide responses "without waiving objections."

Although the Court previously told Plaintiff that he needed to identify the specific discovery requests to which Defendant failed to respond and explain why a particular objection was improper (*See* d/e #92), Plaintiff made no attempt to argue that any of Defendant's objections were improper. Plaintiff again failed to identify, with any specificity, Defendant's deficient responses and failed to provide the Court with any reason why Defendant should be compelled to respond to the remaining 13 requests.

Although Plaintiff is representing himself, the Court is not permitted to make Plaintiff's arguments for him. Without some specific argument from Plaintiff that the objections are improper, the Court will not compel Defendant to respond to the remaining 13 document requests. Moreover, given that Plaintiff has propounded 120 document requests, many of which are redundant, it is unlikely that these 13 unanswered requests would have produced any documents not otherwise captured by the answered requests.

### III. Conclusion

The Court has now reviewed every interrogatory and document production request Plaintiff propounded to Defendant. The Court finds that Defendant has sufficiently answered each and every one of Plaintiff's interrogatories, as well as his supplemental interrogatories, and provided Plaintiff with the information he sought. Additionally, Defendant has sufficiently answered 107 of Plaintiff's document requests. The remaining requests were either stricken by the Court or subject to an uncontested objection from Defendant.

For these reasons, Plaintiff's Motion to Compel Discovery from Defendant Kenco (#95) and Plaintiff's Motion to Compel Court's Order to Produce Discovery from Defendant Kenco (#97) are DENIED.

**Discovery is hereby closed**. During a September 19, 2016 status call, the Court vacated the September 30, 2016 fact discovery deadline, but did not reset it. The past eight months have given both Plaintiff and Defendant enough time to complete discovery. Moreover, Plaintiff represented in his Motion to Compel (#97) that his deposition was scheduled for May 17, 2017. The parties had previously advised the Court during status calls that this was the only deposition anticipated in this case. Therefore, **all fact discovery is now closed**. No additional discovery may be conducted without leave of Court.

Dispositive motions remain due June 30, 2017. Final Pretrial Conference remains scheduled for December 15, 2017, and Trial shall begin on January 16, 2018. The Court will permit no continuances to any of these deadlines.

Finally, given that the Court now has reviewed and ruled upon all of Plaintiff's discovery requests, Plaintiff shall not file another motion to compel or any other motion relating in any way to alleged deficiencies in Defendant's discovery responses. Plaintiff is cautioned that filing of such motion will result in sanctions, which may include dismissal of Plaintiff's case. *See* FED. R. CIV. P. 37(b)(2)(A).

ENTERED this 22nd day of May, 2017.

_____
s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
