IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

MORRIS TYSON )
)
)
)
PLAINTIFF, )
)
VS. ) CASE No. **15-cv-02288-CSB-EIL**
)
KENCO LOGISTIC SERVICES, LLC, et al. )
and MARS, INC. )
DEFENDANTS. )

FILED
JUN 16 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

### CIVIL RULES OF PROCEDURE VIOLATIONS AND VIOLATIONS OF COURT ORDERS

Plaintiff was noticed by Defendant Kenco for a deposition on May 17, 2017, hereto attached as **Exhibit A.**

Plaintiff was deposed at the Law Office of Jackson and Lewis on behalf of Defendant Kenco on May 17, 2017.

Plaintiff was deposed for eight (8) or so hours. Defendant was aware that Plaintiff is a diabetic, as it was stated in Plaintiff's complaint.

Plaintiff had to demand a lunch break, after several hours without a break.

Plaintiff feels as though Defendant was intimidating, harassing and abusing Plaintiff by deposing him without a break knowing that he was a diabetic.

Plaintiff believes that Defendant was also intimidating, harassing and abusing Plaintiff by deposing him for more than eight (8) hours.

Plaintiff believes that the Defendants' actions were prejudicial, an abuse of discovery and a violation of Plaintiff's rights.

Plaintiff had to demand that the deposition stop after being there more than eight (8) hours, as it was well after five (5) o'clock, when the Attorney for Defendant Mars, Inc. Tom Davies wanted to continue deposing Plaintiff after Defendant Kenco's Attorney's concluded their deposition.

Plaintiff was not aware that Defendant Mars, Inc. wanted to depose Plaintiff.

Plaintiff believes that Defendants knowingly violated the time frame to depose an individual.

Plaintiff was never noticed by Defendant Mars for a deposition of any kind.

Plaintiff believes that Defendant Kenco and Defendant Mars, Inc. acted in concert.

Plaintiff believes that Defendant Kenco and Defendant Mars, Inc. were intentionally in collusion to harass and abuse Plaintiff, as well as, violate Plaintiff's rights by: tag teaming Plaintiff in a continued deposition without notice, that Defendant Mars, Inc. was intentionally not forth right in following the protocols and procedures to depose Plaintiff, that both Defendants acted in deception, that Defendant Kenco aided and abetted Defendant Mars, Inc. in violating the law and Plaintiff's protected rights.

Plaintiff believes that Defendant Kenco and Defendant Mars, Inc. intentionally and willfully used Plaintiff's medical condition as a means of abuse, harassment and torture, by withholding or forgoing meal breaks essential to Plaintiff's well-being and health.
Plaintiff believes that Defendants in collusion intentionally and knowingly violated the civil rules of procedures, as well as, the attorney rules of conduct.

Plaintiff further believes it to be true that Defendant's were in collusion, as Defendant Mars, Inc. attorneys are physical situated and located in Lancaster, PA. Therefore, Defendant Mars' counsel could not have arbitrarily shown up for the deposition, as counsel had to consciously travel to Chicago from Pennsylvania. Additionally, to gain access to Defendant Kenco's attorney's office, access or permission must be granted to do so. Moreover, Defendant Mars' counsel was present upon Plaintiff's arrival to the 9:00 a.m. May 17, 2017 deposition. In addition, it goes without reason that if Defendant Mars' counsel, Tom Davies was going to continue deposing Plaintiff, there had to be a premeditated agreement, consensus and corroboration amongst the two (2) Defendants/parties for this to be the plan of action and for this to have moved forward. Additionally, Defendant Kenco had a representative present during the deposition; Jay Elliott who

is an Executive Officer of Kenco, specifically the V.P. of Legal, who had the authority to ratify this plan from a company perspective.

Defendants stated on May 17, 2017, after Plaintiff demanded that the deposition end after eight (8) hours, that the deposition would continue on June 1, 2017 on behalf of Defendant Kenco.

Plaintiff felt as though the Defendants contrived a scheme to prejudice Plaintiff and Plaintiff's case to Defendant's betterment and Plaintiff's detriment.

Moreover, initially Defendant Mars, Inc. stated under oath to the Court that they did not govern Defendant Kenco during its employment relationship as a basis for dismissal; however, contrarily, they are affirming at this juncture to be one Defendant by combining discovery (the depositions). Defendant Kenco sent out a notice of continuation by overnight mail hereto attached as Exhibit B on or about May 26, 2017 with regards to the continuation of the May 17, 2017 deposition to June 1, 2017, once again at Defendant Kenco's legal counsel's Law Office.  This notice did not mention Defendant Mars, Inc. as a deposer or a participant in the deposition.

Unbeknownst to Plaintiff, on or about May 22, 2017, the Court filed an order stating that the discovery would be closed on May 17, 2017.

The Court electronically filed this order and the notification of this order was to Defendants within hours.

4

Plaintiff's notice of the Court's order was mailed by the US Mail to Plaintiff.

Defendants knew that the court had ordered discovery be closed on May 17, 2017, but intentionally, willfully and wantonly violated the Court's order to close discovery, by conducting the June 1, 2017 deposition.

Plaintiff was not aware, until after the deposition held in continuum, that discovery had been closed on May 17, 2017; consequently, Plaintiff went to the June 1, 2017 deposition.

Plaintiff stated for the record at the beginning of the deposition that the letter stated that the deposition was in continuation for Defendant Kenco and not for Mars, Inc.

Plaintiff stated to Attorney Tom Davies on behalf of Mars that he nor Mars, Inc. or any other representative had not properly noticed Plaintiff for the deposition that was being conducted by Mars, Inc. under the guise of a continued deposition of Defendant Kenco.

Tom Davies attorney for Mars, Inc. deposed Plaintiff on June 1, 2017.

Plaintiff does not believe that this was a fair examination, nor in compliance with Rule 30. As a matter of record Rule 30 states that a party must give reasonable written **notice** to every other party. The **notice** must state the time and place of the **deposition** and, if known, the deponent's name and address. It also states that the duration is limited to one (1) day and seven (7) hours.

Rule 30 also goes on to say: The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Matter of factly, Defendant Kenco could have noticed the court to inform them that the deposition needed to be continued. Defendant Kenco intentionally and willfully did not follow proper protocol. With that being said, Defendant Mars, Inc. should have noticed Plaintiff themselves and at the very least should have moved the court to allow them to conduct the deposition.

Not only did the Defendants Mars and Kenco violate the Court's order, but the Defendants counsel including Defendant Kenco's V.P. of Legal conspired and colluded to defraud, upstage, usurp and undermine the judicial machinery by willfully, recklessly and intentionally disregarding the Court's order by implementing its own renegade form of prejudicial justice.

Defendant Kenco continued on its intentional, willful and wanton recklessness to prejudice and thwart Plaintiff and Plaintiff's case by tendering to Plaintiff documents after the close of discovery on or about June 8, 2017 that allegedly their client just found Bates labeled 1793-1835 hereto attached as **Exhibit C.**

These actions are prejudicial to Plaintiff and violate the due process of law. Pointedly Plaintiff believes these actions are an impediment and obstruction of justice. Plaintiff believes that Defendant intentionally and willfully withheld this information, information that is a "smoking gun"

to Plaintiff's case to cause irreparable harms and thwart Plaintiff's case by disallowing Plaintiff the opportunity to engage in further discovery.

Plaintiff believes that Defendants Mars and Kenco have been embolden and empowered to implement its own rules and execute its own form of quasi justice, as it seems that Defendant(s) have not been admonished or punished for its past egregious behaviors.

For example, Defendant Kenco's failure to follow the Court's order with regards to the Court's rulings on Plaintiff's motion to compel discovery. Defendant stated to the court under oath that it had tendered discovery to Plaintiff and it had not, a violation of Rule 37 and a perjurious statement to the court. As a matter of record, the issue was revisited again and Defendant stated again to the court that it had tendered discovery, when in fact Defendant had still failed to produce the discovery; another perjurious statement to the court and another clear violation of Rule 37, as well as, being contemptuous, a blatant abuse of discovery and flagrant reverence of the Court and the Court's authority. Pointedly, Defendant tendered to Plaintiff several thousand pages of documents, months after it repeatedly stated to the court that it had already done so. Defendant was not punished or admonished for their actions; nor was Plaintiff's request granted to disallow Defendant Kenco's evidence that it submitted untimely barred. Plaintiff does not understand how Defendant can blatantly, intentionally and consciously disregard and evade the Court's order and impute their own form of justice without reprisal. Pointedly, the players at this juncture for the Defendants are licensed legal subject matter experts and officers of the court; who are intentionally, blatantly and egregiously failing to uphold the standards of the actual judicial system and this Court through their divisiveness.

To the best of Plaintiff's knowledge there have not been any repercussions for Defendant's actions. Plaintiff has been admonished, scolded and threaten by the court. Plaintiff does not understand how Defendants can be officers of the court, held to a standard, blatantly, willfully and intentionally break the law, break the rules of civil procedures, and show contempt for the court and continue to go unpunished.

Plaintiff believes that the actions of all of these parties have prejudiced Plaintiff, Plaintiff's case and other litigants within the judicial system by upholding the undermining, usurping, self-serving actions of the Defendants and others like these Defendants. Plaintiff and others depend on the gatekeepers, Judges, to maintain an unbiased judicial system that impartially, accurately, precisely and equitably interpret, administer and regulate the prevailing laws of the land.

Plaintiff also believes that there is some rationale, reason or legality that Defendant Mars Lead Attorney Davies did not properly notice Plaintiff in this matter, as required by the civil rules of procedure, as well as, there being some ulterior motive or intrinsic value for Defendant Kenco to aid Attorney Davies and Defendant Mars in usurping and breaking the law. Plaintiff believes that Attorney Davies may not be authorized to practice Law in the state of Illinois or that the Defendants are not actually separate, or perhaps a combination of the two (2). Plaintiff contacted the Illinois Attorney Registration and Disciplinary Committee and found that Attorney Davies was not admitted hereto attached as **Exhibit D.**

    **WHEREFORE,** Plaintiff requests that this Honorable Court to: 1) stricken and disallow all of the evidence that Defendant Kenco submitted to Plaintiff well past the court's order; 2) that

Defendants Kenco and Mars be sanctioned for deposing Plaintiff for more than eight (8) hours; 3) for colluding, conspiring and contriving schemes against Plaintiff to unfairly depose Plaintiff in a contrived deposition marathon; 4) for being in contempt of Court and the Court's multiple orders; 5) for making patently false and perjurious statements to the court; 6) for violating Rule 26, 30, and 37, as well as, the model rules of conduct and any other applicable rules; 7) Defendant Kenco for aiding and abetting Defendant Mars in breaking the law; 8) Defendant Mars' Attorney Davies for not being properly registered and authorized to practice law in the state of Illinois; 9) both Defendants for their premediated obstruction and impediment of justice; 10) for Defendants concerted behaviors to depose Plaintiff concurrently be a public admission of being one (1) and the same Defendant; 11) cure irreparable harms to Plaintiff; 12) and for any other sanctions afforded by Law and this court.

Plaintiff seeks justice and implores this court to finally punish Defendants and send a strong message of deterrence to them, as well as, others who seek to implement their own self-serving forms of law and order, undermine the judicial machinery and the gatekeepers of justice.

DATED: June 16, 2017

Morris Tyson
547 Regent Road
University Park, IL 60484

## CERTIFICATE OF SERVICE

The undersigned, Morris Tyson, hereby certifies that on this 16th day of June, 2017, certify that I did file a CIVIL RULES OF PROCEDURE VIOLATION AND VIOLATION OF COURT ORDERS with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 15-cv-02288-CSB-EIL and have served the persons identified on the docket's service list via Notice of Electronic Filing generated by the Court's CM/ECF system.

Submitted BY: _____
Morris Tyson

Kimberly J. Overbaugh
Thomas R. Davies
Harmon & Davies, P.C.
2306 Columbia Ave
Lancaster, PA 17603

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601



FILED
JUN 16 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS