IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MORRIS TYSON, | ) |
| PLAINTIFF, | ) Case No.: 15-cv-02288-CSB-EIL |
| v. | ) |
| KENCO LOGISTIC SERVICE, et. al., | ) |
| DEFENDANTS. | ) |

**<u>DEFENDANT MARS' RESPONSE TO PLAINTIFF'S DOCKET NO. 100
SEEKING VARIOUS SANCTIONS</u>**

On June 16, 2017 Plaintiff Morris Tyson filed a document entitled "Civil Rules of Procedure Violations and Violations of Court Orders." As to Defendant Mars, Inc. it appears that he is essentially complaining that Counsel for Mars questioned him at his deposition which had been noticed by other Defendants and claims that the undersigned is not properly admitted to practice in this Court. It should be noted that in this motion, Plaintiff makes very serious allegations against both Kenco's counsel and the undersigned that are clearly unsupported by his motion or supporting documents.

Plaintiff is correct that the only Notice of Deposition served upon him was by Defendant Kenco but Plaintiff was, or at least should have been, aware that Defendant Mars was also served with this Notice of Deposition. It is clear that under the rules, other parties in attendance at a deposition have the right to question witnesses. See, for example, *Smith v. Logansport Community School Corp.*, 139 F.R.D 637 (N.D. IND 1991) where, at 642 the court stated, "Thus,

the party noticing the deposition will commence the interrogation with direct examination. Afterward, each other attending party may cross – examine."

There is no evidence to support Plaintiff's ludicrous assertions that Mars conspired with the Kenco Defendants. To the contrary, he was treated throughout the deposition with the respect accorded any litigant. Since Defendant Kenco's counsel was questioning Plaintiff when the subjects of breaks was discussed, Mars counsel will let her address those issues, but Plaintiff was absolutely instructed that he could request a break at any time and such breaks were taken. One break was about an hour long so that Plaintiff could have lunch if he so desired. Since Kenco's counsel completed her examination late in the day, the undersigned gave Plaintiff the option to continue a little longer or to come back another day. As reflected on page 314 of his deposition (attached hereto as Exhibit A which contains selected pages of the transcript of Plaintiff's deposition.) Plaintiff indicated that coming back on June 1 "sounds good."

As to the claim that the undersigned is not properly admitted to practice in this Court, the Court's records should reflect that I was admitted to this Court on June 23, 2005. A copy of my Admission Certificate is attached hereto as Exhibit B.

Because the Court has expressed concern about the actions of certain Plaintiffs in the related series of cases filed by apparently *pro se* Plaintiffs, Mars feels it is important to advise the Court of what has been discovered through discovery. Throughout these proceedings, Plaintiff has held himself out to be acting *pro se*, and has thusly afforded himself of the privileges and leniency traditionally given to claimants acting without an attorney. See Haines v. Kerner, 404 U.S. 519 (1972)(recognizing that federal courts generally give pro se litigants greater latitude than litigants who are represented by counsel.) At his deposition, Plaintiff revealed that

throughout this litigation, he has received extensive assistance from Jordan Hoffman, Esq., an attorney who served as Plaintiff's attorney in his prior related matter before the EEOC.

Plaintiff admitted that while Mr. Hoffman has not appeared in this matter, and is not representing him in an "official capacity," Mr. Hoffman has nonetheless advised Plaintiff extensively on both the content and form of his submissions to this Court, as well as his discovery responses. (Tyson Dep. Tr. 35:10-18, 250:1-21). Plaintiff admitted that Mr. Hoffman directly provided wording that was inserted into Plaintiff's Rule 26 initial disclosures (Tyson Dep. Tr. 262:14-263:12) and written discovery requests (Tyson Dep. Tr. 272:17-273:24, 297:7-299:24). Moreover, per Mr. Hoffman's instructions, his address was listed for each of the witnesses identified in Plaintiff's disclosures, including Plaintiff's own wife "just in case somebody try to subpoena her for something, that she would have representation." (Tyson 361:12-14). Most telling, Plaintiff revealed his Motion to Compel Court Order to Produce Discovery From Defendant Kenco (Docket No. 97) was drafted entirely by Mr. Hoffman, and sent to Plaintiff via email for filing. (Tyson Dep. 309:24-311:21). Plaintiff indicated that Mr. Hoffman often acted as a ghostwriter for Plaintiff's submissions by dictating what should be provided in a pleading over the phone. (Tyson Dep. Tr. 301:11-302:1). By Plaintiff's admission, such conversations could last between five and six hours, and likely have totaled over forty hours throughout the extent of this case thus far. (Tyson Dep. Tr. 302:21-303:18).

Plaintiff contends that, because they are "friends," Mr. Hoffman has the right to assist him in his legal matters. While an attorney may at times briefly give advice on minor legal matters, the extent and involvement of counsel in this matter passes far beyond what is appropriate while still calling for the leniency traditionally provided to a *pro se* claimant. "Attorneys cross the line, however, when they gather and anonymously present legal arguments,

with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court. With such participation the attorney guides the course of litigation while standing in the shadows of the Courthouse door." Ricotta v. California, 4 F.Supp.2d 961, 987 (S.D.Cal.1998).  See also Chriswell v. Big Score Entertainment, LLC, No. 11 C 00861, 2013 WL 315743 (N.D. Ill. Jan. 28, 2013) ("Ghostwritten briefs also raise issues of fundamental fairness… it would be patently unfair for a pro se litigant to benefit from the less stringent standard applied to pro se litigants if, in fact, she is receiving substantial behind-the-scenes assistance from counsel.")

The failure for an attorney to appear in a case while nonetheless providing such advice and services in effectively drafting Plaintiff's submissions without attribution has been extensively condemned, both within this Circuit and by federal courts throughout the country. See Gajewski v. Ocwen Loan Servicing, LLC, No. 14-cv-9230, 2015 WL 3961611 at n. 1 (N.D. Ill. June 25, 2015)("Although greater latitude is given to pro se plaintiffs, this does not include pleadings that have been prepared by an attorney who has not entered an appearance in court.); see also Johnson v. City of Joliet, No. 04 C 6426, 2007 WL 495258 (N.D. Ill. Feb 13, 2007); U.S. v. Eleven Vehicles, 966 F.Supp. 361, 367 (E.D. Pa. 1997); Delso v. Trustees for the Ret. Plan for the Hourly Emp. of Merck & Co., Inc., No. 04-3009, 2007 WL 766349 (D.N.J. March 6, 2007)(discussing ghostwriting by attorneys as a deliberate evasion of their responsibilities under F.R.C.P. 11);  Laremont-Lopez v. Southeastern Tidewater Opp. Ctr., 968 F. Supp. 1075 (E.D. Va. 1997).

Thus, because Plaintiff has received hours of legal assistance in his pursuit of this matter, including the full preparation of written motions and submissions to this Court, Mars respectfully requests that in ruling on any subsequent matters, including the present one, this Court not

4

provide Plaintiff the latitude traditionally given to a *pro se* claimant. See Thigpen v. Banas, No. 08-c-4820, 2010 WL 520189 (N.D. Ill. Feb 11, 2010) ("It would be unfair to afford [plaintiff] this leniency while allowing an undisclosed attorney to represent him in substance and not in form").

    Accordingly, for the above stated reasons, it is respectfully suggested that the Court should deny the relief sought by Plaintiff in his filing at Docket No. 100.

Respectfully submitted,

Date: 6/29/2017

S/ Thomas R. Davies
Kimberly J. Overbaugh, Esq. PA #85610
Thomas R. Davies, Esq. PA #35260
Harry R. Harmon, Esq. PA #25342
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236

Attorneys for Defendant,
Mars, Incorporated

**CERTIFICATE OF SERVICE**

      The undersigned, one of the attorneys of record herein in this matter, certify that on June 29, 2017, the aforementioned Defendant Mars' Response To Plaintiff's Docket No. 100 Seeking Various Sanctions was filed using the CM/ECF system, and certifies that a copy of same was served to Plaintiff at the below address via e-mail and first-class regular mail:

      Morris Tyson
      547 Regent Road
      University Park, IL  60484

      morris60901@yahoo.com

            S/ Thomas R. Davies
            Kimberly J. Overbaugh, Esq.
            Harry R. Harmon, Esq.
            Thomas R. Davies, Esq.
            HARMON & DAVIES, P.C.
            2306 Columbia Ave.
            Lancaster, PA 17603
            Tel. (717) 291-2236
            Fax (717) 291-2236