IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MORRIS TYSON,<br><br>        Plaintiff,<br><br>v.<br><br>KENCO LOGISTIC SERVICES, LLC, et. al.<br><br>        Defendants. | Case No. 15-cv-02288-CSB-EIL |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S DOCKET NO. 100 "CIVIL RULES OF PROCEDURE VIOLATIONS AND VIOLATIONS OF COURT ORDERS

Defendants, Kenco Logistic Services, LLC, Kelvin Walsh, Mike Manzello, David Jabaley and Mario Lopez by and through their undersigned counsel submit the following response in opposition to Plaintiff's Motion entitled Civil Rules of Procedure Violations and Violations of Court orders (Docket No. 100):

Plaintiff's Motion raises outrageous and false allegations about Tyson being mistreated during his deposition. Tyson asserts that he was deposed in excess of eight hours without proper breaks, and Defendants used Plaintiff's diabetic medical condition to "torture" and harass him during the deposition. If Tyson was represented by counsel, his motion would violate Rule 11.[1]

---

[1] Tyson's motion separately raises allegations that Defendants have withheld documents. It appears that these allegations are a re-filing of the prior motions to compel filed by Tyson which were already resolved by the Court (*See* Docket No. 99). To the extent this issue warrants further discussion, Defendants have not withheld any documents. After Tyson testified that he believes he was denied the right to take the DOT examination when he felt ready to return to work, Kenco ran additional email searches and promptly produced a relatively small number of additional emails which were located immediately following his deposition. Tyson has not in any way been prejudiced by receiving a small number of emails several weeks after his deposition, and to the contrary, this supplement production demonstrates Kenco's ongoing and diligent efforts to comply with discovery obligations when new information arose.

1

Tyson was treated with respect at all times during his deposition, and throughout this litigation process. At the very beginning of his deposition, counsel for Kenco explained to Tyson that he could request a break at any time during the deposition. Moran stated:

> Q: If you need to take a break at any point, just let me know we can accommodate that. All that you need to do is finish answering the question before you take a break.
> **A: Okay**
> Q: So do you understand the instructions?
> **A: I do.**

*See Exhibit A, Group Exhibit of Pertinent Portions of Tyson Dep., pp. 13:3-6.*

*At no time* during his deposition was Tyson denied a request to take a break.[2]

Furthermore, Tyson was not deposed for an unreasonable length of time. It is Tyson himself who chose to turn this simple employment discrimination lawsuit into a tangled mess of motions and documents by appearing to mindlessly copy filings from other *pro se* litigants related to the Food Safety Modernization Act and Bioterrorism Act which have nothing to do with this lawsuit. Tyson is correct that in total, his deposition exceeded the 7 hour time limit under the Federal Rules (it started at 9:31 a.m. and concluded at 4:51 p.m. on May 17); however, at no time during his deposition did he object to the length. Further, Tyson's Amended Complaint contains hundreds of allegations (*See* Docket Number 38), he has produced thousands upon thousands of disorganized documents and he has filed several confusing motions.

Tyson testified that he does not understand many of the statements in his complaint and only included in them at the direction of his former attorney Jordan Hoffman (who he testified is advising him without having filed an appearance in this or any of the other pending Kenco lawsuits) provided. *(See Exhibit A, Tyson Dep. Tran. 272:1-273:24.)*

---

[2] While Tyson did not request a break during the deposition, three breaks were taken: the first break was from 11:25-11:52 a.m., then from 1:32 – 2:21 p.m., and finally from 4:14-4:24 p.m. *See Ex. A*. These breaks included one break for nearly an hour, so Tyson's insinuation that he did not have an opportunity to eat or drink and attend to his diabetes is absurd.

By agreement, the parties continued Tyson's deposition to June 1, 2017 so that defendant Mars would have an opportunity to depose Tyson *(See Ex. A, Tyson Dep. Tran. 314:9-15)*. Tyson did not object, and appeared for the continuation of his deposition on June 1, 2017. Tyson does not have a reasonable basis to object to this continued deposition; Mars was entitled to have a right to ask questions about Tyson's lawsuit that may bear on any claims or defenses related to Mars.

Tyson next complains that Kenco's in-house attorney, Jay Elliott, and an attorney for Mars, Tom Davies, attended his deposition. This complaint is unfounded, and warrants minimal response. A representative of each party, and their attorneys, are permitted to attend depositions. Tyson's notice of deposition complied with Federal Rule of Civil Procedure 30 and included Mars, who was a co-defendant, on the certificate of service. *See Ex. B, Notice of Tyson's Deposition.*

Tyson claims that Defendants have committed perjury, violated court orders and violated Federal Rules, but these wild accusations are not supported by the record of the litigation. As demonstrated above, Defendants have not engaged in any such conduct; to the contrary, Defendants have been cooperative and courteous toward Tyson at all times in the face of an onslaught of troubling litigation tactics displayed by Tyson over the last eighteen months. Tyson's motion should be denied.

WHEREFORE, for all the reasons stated herein, Defendants request that this Court deny Plaintiff's request for relief in Docket No. 100, issue a finding that Defendants did not violate Federal Rules of Civil Procedure or Court orders, and grant such further relief as this Court deems proper.

DATED:  June 29, 2017				Respectfully Submitted,

**KENCO LOGISTICS SERVICES, LLC, KELVIN WALSH, MIKE MANZELLO, DAVID JABALEY AND MARIO LOPEZ**


By:  /s/ Jody Wilner Moran
		One of its Attorneys


Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Telephone:	(312) 787-4949
Facsimile:	(312)787-4995

4

**CERTIFICATE OF SERVICE**

The undersigned attorney, hereby certify that on June 29, 2017, I electronically filed a copy of the foregoing ***Defendants' Response in Opposition to Plaintiff's Docket No. 100 "Civil Rules of Procedure Violations and Violations of Court Orders*** with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing was served via U.S. Mail and e-mail, to the following non-ECF participant:

>Morris J. Tyson (*pro se*)
>547 Regent Road
>University Park, IL 60484
>Morris60901@yahoo.com

and a filed copy of the foregoing will be served via CM/ECF system, which will send a notice of electronic filing to the following parties:

>Thomas R. Davies
>Harry Harmon
>Kimberly J. Overbaugh
>Harmon & Davies, P.C.
>2306 Columbia Avenue
>Lancaster, PA 17603
>tdavies@h-dlaw.com
>rharmon@h-dlaw.com
>koverbaugh@h-dlaw.com

>By: /s/ Jody Wilner Moran
>One of the Attorneys for the Defendant