UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

MORRIS TYSON,

    Plaintiff,

v.

KENCO LOGISTIC SERVICES, LLC,
et al.,

    Defendants.

Case No. 15-2288

ORDER

    This case is before the Court on Plaintiff Morris Tyson's ("Plaintiff") Motion to Strike and Disallow all the Evidence Defendant Kenco submitted to Plaintiff well past the Court's Order, for Sanctions, for Contempt, for Making False Statements, for Violating Rules, for Aiding and Abetting, for not being Properly Registered, to Cure Irreparable Harm, and any other Sanctions (#100). Defendant Mars filed a Response to Plaintiff's Docket 100 Seeking Various Sanctions (#101). Defendants Kenco Logistic Services, LLC, Kelvin Walsh, Mike Manzello, David Jabaley and Mario Lopez also filed a Response in Opposition to Plaintiff's Docket No. 100 "Civil Rules of Procedure Violations and Violations of Court Orders" (#102). For the reasons explained below, Plaintiff's Motion (#100) is DENIED.

I.    Background

    Plaintiff's instant Motion (#100) raises various allegations of improper conduct by Defendants. First, Plaintiff alleges that Defendants did not "allow" him to use the restroom or eat lunch during his deposition, despite Plaintiff's requests. Plaintiff further alleges that he was deposed for more than 1, 8 hour day in violation of Fed. R. Civ. P. 30(d)(1). Plaintiff goes on to allege that Defendants Mars and Kenco "conspired" to depose him on the same day at the same time and that this somehow shows that

Defendants Mars and Kenco are "colluding" against Plaintiff. Plaintiff alleges that his deposition took place after discovery closed on May 17, 2017, in violation of the Court's Orders and that Defendant Kenco tendered him documents after discovery closed.[1]

## II.   Analysis

As has been the case throughout this entire litigation, the majority of Plaintiff's claims in the instant Motion are baseless. Defendants have provided an excerpt from Plaintiff's deposition showing that Plaintiff was **clearly** told that he could ask for a break at any point during his deposition. Tyson Dep., pp. 13: 3-6. Plaintiff responded that he understood that instruction. Tyson Dep., pp. 13: 3-6. Moreover, Plaintiff was not in Defendants' custody. Plaintiff provides no reason for why he simply did not stop the deposition when and if he wanted to eat or use the restroom.

Plaintiff's allegations that Defendants are "colluding" against him are also without merit. The fact that Plaintiff was deposed by all Defendants at the same time is not a violation of the Rules of Civil Procedure. In fact, Plaintiff readily admits that Defendant Mars is located in Pennsylvania. It would have been waste of everyone's time and money in this case for Plaintiff to be deposed on separate days.

As to Plaintiff's claims that Defendants are ignoring Court Orders, the Court Order on one of Plaintiff's many Motions to Compel (#99) closed discovery on May 22, 2017. Plaintiff's deposition took place on May 17, 2017. Additionally, in that Order, the Court noted that "[n]o **additional** discovery may be conducted." (#90) (emphasis added). Meaning, neither party could issue **new** interrogatories or requests to produce. Nothing prevented Defendants from sending Plaintiff information that was responsive to Plaintiff's **previous** discovery requests. In fact, Rule 26 requires Defendants to do just that. *See* FED. R. CIV. P. 26.

Plaintiff's only argument that has any merit is that his deposition was too long. Fed. R. Civ. P. 30(d)(1) limits a deposition to 1 day of 7 hours. Plaintiff alleges that day 1 of his deposition lasted 8 hours and that Plaintiff had to return on June 1, 2017 to finish

---

[1] Plaintiff also alleges that attorney Davies, counsel for Defendant Mars, is not licensed to practice law in the state of Illinois. The Court's records clearly show that Attorney Davies was admitted to practice in the Central District of Illinois on June 23, 2005. This allegation will not be addressed by the Court.

his deposition. Plaintiff's deposition transcript makes clear that Plaintiff consented to coming back for a second day of deposition testimony, on June 1, 2017. *See* Tyson Dep., pp. 314: ln 16 (Tyson stating "sounds good" when asked if he agreed to return for a continuation of his deposition on June 1, 2017 at 11:00 A.M.).

As to the length of day 1, Defendants concede that the deposition did exceed the 7 hour time limit provided by Rule 30 by 1 hour. However, nowhere in the transcript does Plaintiff object or attempt to stop the deposition at the 7 hour mark. Additionally, as pointed out by Defendants, it is Plaintiff who has turned a simple employment discrimination case into a docket that now exceeds 100 entries. Considering the progression of this case, the Court finds that exceeding the 7 hour time limit provided by Rule 30 by 1 hour was reasonable.

Finally, the Court is quite concerned with Plaintiff's admissions that attorney Jordan Hoffman has been preparing and reviewing essentially all of Plaintiff's pleadings in this case. Rule 11 obligates members of the bar to sign all documents submitted to the court, and to personally represent that there are grounds to support the assertions made in each filing. FED. R. CIV. P. 11. It follows that ghost-writing of pleadings on behalf of a pro se litigant "raises a serious matter of unprofessional conduct." *Thigpen v. Banas*, 2010 U.S. Dist. LEXIS 11843, *3 (N.D. Ill. 2010). As such, "the practice of 'ghost-writing' briefs for pro se litigants is unethical and will not be permitted." *Chriswell v. Big Score Entm't, LLC*, 2013 U.S. Dist. LEXIS 10819, *12 (N.D. Ill. 2013).

Accordingly, the Court will carefully review Mr. Tyson's deposition testimony regarding the assistance of attorney Jordan Hoffman in this case. After reviewing Mr. Tyson's testimony as well as the relevant case law, the Court may decide to take further action against Plaintiff, Mr. Hoffman, or both, for violating Fed. R. Civ. P. 11.

### III. Conclusion

For these reasons, Plaintiff's Motion to Strike and Disallow all the Evidence Defendant Kenco submitted to Plaintiff well past the Court's Order, for Sanctions, for Contempt, for Making False Statements, for Violating Rules, for Aiding and Abetting,

for not being Properly Registered, to Cure Irreparable Harm, and any other Sanctions (#100) is DENIED.

ENTERED this 10th day of July, 2017.

s/ERIC I. LONG<br>
UNITED STATES MAGISTRATE JUDGE