IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MORRIS TYSON | ) | |
| | ) | |
| | ) | FILED |
| | ) | NOV 16 2017 |
| | ) | CLERK OF THE COURT |
| PLAINTIFF, | ) | U.S. DISTRICT COURT |
| | ) | CENTRAL DISTRICT OF ILLINOIS |
| | ) | URBANA, ILLINOIS |
| VS. | ) | CASE No. 15-cv-02288-CSB-EIL |
| | ) | |
| KENCO LOGISTIC SERVICES, LLC, et al. | ) | |
| and MARS, INC. | ) | |
| DEFENDANTS. | ) | |

## MOTION TO RECONSIDER RULING ON SUMMARY JUDGEMENT

I received the order entered that was mailed out according to the Clerk's Office on October 16, 2017 on October 18, 2017 and I am asking that the Court Reconsider the ruling made on the Summary Judgement for the following reasons:

The Court reached the conclusion that it was my responsibility to facilitate the DOT physical. The facilitation of the DOT physical was a function of the company. Furthermore, until I received the discovery from Defendant Kenco, I was unaware that giving a DOT physical had been contemplated by the company, as the emails were internal and no one informed me that a DOT physical was possible in February of 2014.

If the company had definitely ordered the physical and I did not comply, I would have been removed from my leave of absence and discharged. The proof of this is that I remained on an unpaid leave of absence until August of 2014.

My doctor and myself complied with all the rules of Kenco. This is evidenced by me remaining on disability in an unpaid leave of absence category and me eventually returning to work. Kenco

has not produced any evidence that suggests that there was an interruption or problem with me remaining on the long term leave of absence, until my return to work in August of 2014.

Also, Kenco provided in their discovery, information relative to Mark Baker Kenco bate Stamp 1777-1778, that was attached to my response to the Defendants' motion for summary judgment as Exhibit P, that specially states the date in which Mark Baker returned to work on light duty. I also provided documentation as Exhibit J that stated that Mark baker was hired in May of 2013. I also provided information from the Illinois Workers Comp website that supports the fact that Mark was injured on November 1, 2013, less than six (6) months after being hired. The paper that Defendant Kenco gave said that he was on light duty. I was never given an opportunity to perform light duty of any kind.

Defendant Kenco stated that I was not disabled and in fact to this date, I have the same restrictions that I had when I initially tried to return to work in August of 2013. If I were not disable, then why was I allowed to remain off work with the company's permission. The email in Exhibit C Kenco numbered document 000096, states that the process used was interactive with the ADAA. This process would not have been used, if I was not disabled.

I also presented information that contradicted Kenco's position on the disparity in pay that other jobs were available at the warehouse despite the fact that Kenco said otherwise. This information was presented in Exhibits K, L and M. These records were obtained and certified to be true by the Illinois Department of Human Rights and supported by authentication in Exhibit Y

I also presented information that Kenco was actively soliciting Spotters for employment in Exhibit I which was also obtained from the obtained and certified to be true by the Illinois Department of Human Rights and supported by authentication in Exhibit Y.

I also presented information relative to the actual procedure for a Spotter in obtained and certified to be true by the Illinois Department of Human Rights and supported by authentication in Exhibit Y.

I also presented information relative to Jay Elliott and Defendant Kenco's misleading and obstructing justice according to Kenco numbered documents 978-981 and their knowledge of what they were doing with their actions in Exhibits S and T; along with the fact that they were informed by the Illinois Department of Human Rights of such according to Kenco numbered documents 1088-1090. The Exhibit S and T were obtained and certified to be true by the Illinois Department of Human Rights and supported by authentication in Exhibit Y.

With all of these contradictions and inconsistencies, I am not certain how an issue does not exist, as these are documents that Kenco has either given me or given to the governmental agency that administrates this issue before it comes to this court.

For further clarification, I have attached a declaration from the HR/Office Manager who is a part of the return to work process and is either a person who sent or received emails regarding my return to work. Exhibit 1

I am hopeful that you reconsider this information and reconsider your ruling and rule favorably for me, as there a number of issues that exist.

November 15, 2017                               Respectfully,

                                                *Morris J. Tyson*
                                                Morris Tyson
                                                P.O. Box 55
                                                Steger, IL 60475

CERTIFICATE OF SERVICE

I the undersigned, Morris Tyson, hereby certifies that on this 15th day of November 2017, I caused a copy of the foregoing Motion to Reconsider to be filed with the Central District of Illinois Urbana Division in the foregoing matter of Case No. 2:16-cv-02288-CSB-EIL and have served the persons identified on the docket's service list via Notice of Electronic Filing generated by the Court's CM/ECF system.

Kimberly J. Overbaugh
Thomas R. Davies
Harmon & Davies, P.C.
2306 Columbia Ave
Lancaster, PA 17603

Jody Wilner Moran
Julia P. Argentieri
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601

Respectfully,

Morris Tyson
P.O. Box 55
Steger, IL 60475