E-FILED
Monday, 20 November, 2017  03:31:11 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **MORRIS TYSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 15-CV-2288** |
| | ) | |
| **KENCO LOGISTICS SERVICES, MARS** | ) | |
| **INC., KELVIN WALSH, MIKE** | ) | |
| **MANZELLO, DAVID JABALEY, and** | ) | |
| **MARIO LOPEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Morris Tyson has filed a Motion for Reconsideration (#113), asking the court to reconsider its October 16, 2017, Order (#111) granting summary judgment in favor of Defendants. For the following reasons, Plaintiff's motion (#113) is DENIED.

Plaintiff's motion is essentially a motion under Federal Rule of Civil Procedure 59(e) to alter or amend judgment. A motion under Rule 59(e) allows the movant to bring to the district court's attention manifest errors of law or fact or newly discovered evidence, but does "'not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000), quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "A motion for reconsideration would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court[,]" however such problems rarely arise and the motion to reconsider should be equally rare. *Quaker Alloy Casting Co.*, 123 F.R.D. at 288.

Plaintiff re-raises in his motion the same arguments advanced and rejected by the court in its Order (#111). The court refers Plaintiff to its Order (#111) for the court's reasoning in reaching its decision. The court would also remind Plaintiff that, due to Plaintiff's complete failure to comply with the Local Rules of the Central District of Illinois, the court accepted as true Defendants' Undisputed Statement of Material Facts, and based its decision on the facts submitted in Defendants' motion. The court has not misunderstood Plaintiff or made a decision outside the adversarial issues presented by the parties, nor has the court made an error of apprehension based on the facts and arguments presented in the motion and response. See *Quaker Alloy Casting Co.*, 123 F.R.D. at 288.

Rather, Plaintiff appears to be attempting either to undo his own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment, which is not permissible on a motion to reconsider. See *Bordelon*, 233 F.3d at 529.

Plaintiff has attached the declaration of one "Leonard Szplett." Szplett claims to have been the Human Resources/Office/Accounting Manager at the Manteno facility during the time pertinent to Plaintiff's case. This "new evidence" cited by Plaintiff, involving a person who worked with Plaintiff for years, was certainly discoverable and could and should have been presented to the district court prior to the judgment, and is thus inappropriate for inclusion in a motion to reconsider. See *Bordelon*, 233 F.3d at 529.

IT IS THEREFORE ORDERED:

Plaintiff's Motion for Reconsideration (#113) is DENIED.

ENTERED this 20th day of November, 2017.


s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE